Morning everybody. First case on the dock today is in re Marriage of Schoemaker, clause number 5-14-5. Mr. Kennedy, you may proceed whenever you're ready. May it please the Justices of the Appellate Court of Illinois and the Fifth District. Your Honors, we have four issues that we have presented here for oral argument today. I wish to reiterate that one of the major arguments, that being our argument 4, we have dismissed and pursuant an order entered on December 9, 2014, that those arguments have been dismissed pursuant to our motion to dismiss. And that should alleviate the need for this Court to review the issues of maintenance. We have pretty much set forth in both our brief of the respondent and then our reply brief as it pertains to those issues. We have, beginning on page 19, the first argument as it pertains to whether or not the trial court erred in failing to enforce the terms of Americal-Sullivan agreement. In particular, the Americal-Sullivan agreement addressed that child When we tried this case in June 2013, there was an amount of income from 1-1-2012 through 4-30-2012 that the Court took into consideration and drastically increased the determination of net income of Don Schoemaker. Well, counsel, the agreement says that the trial court will be prospecting from that date. Correct. Why wouldn't you read that as payment is prospecting as opposed to what the Court considered determining what his net income is? Because Don's income, the respondent's income, was already determined prior to May 1, 2012. And he had paid to his now ex-wife 50% of that income. He received a substantial income in the early months of each year. And the Honorable Judge Kelly took into consideration 176,000 bonuses during this period of time, all of which had been distributed. Well, my understanding from the briefs, at least, is that he got those bonuses every January. Correct. They were a regular part of his income. Correct. And so the Court, in determining what his net income was for child support purposes, considered what his normal income was from year to year and included that in setting future child support. I agree. That's what the Judge did. Our position is that from May 1 of 2012 until 12-31 of 2012, the Court should only look at the income that he incurred during that period of time. And then when he receives his substantial, we'll call them bonuses, they're really not bonuses, but when he receives his substantial bonuses in the early months of 2013, that then that is taken into consideration beginning 1-1-2013. You're calling for a percentage of child support rather than a dollar amount? No, we are not. I think the Court could take into consideration his bonuses, but beginning 1-1-2013. And it's our position that as the Honorable Judge Kelly ordered, he's basically getting hit with both. He paid 50% of those bonuses received in the early months of 2012, and then Judge Kelly also took that amount into consideration in the assessment of maintenance and child support in determining the percentages. What were the circumstances under which he paid 50%? Was there a court order? No, the Marital Settlement Agreement set forth, and what we did on the Marital Settlement Agreement when we resolved most of those issues, took into consideration all assets and then divided those assets based upon a 50-50 basis. And the evidence at the trial in June of 2013, I believe, clearly demonstrated that. And in particular, as it pertains to equalizing those amounts, pursuant to the Marital Settlement Agreement that was approved by the Court in May of 2012, paragraph 3.4, Don was to pay to Stacy $131,000 divided into two payments, one of which was due at $115,000 within 30 days of the entry of judgment, and an additional $16,000 paid by the end of the year, December 31 of 2012. But that was set forth in 3.4. As it pertains to the second issue that may have been found on page 25 of our initial brief, we have presented to this Court, as we did to the trial court, a corrected amount as it pertains to net income, but taking into consideration that we're talking about under our argument to beginning 1-1 of 2013. So it's not cumulative of the argument between 5-1-12 and 12-31-12. And we have calculated his net income to be that $15,608.76 instead of the $16,528. But what Judge Kelly then did is assess 20% statutory guidelines to that number instead of first deducting the maintenance amount of $2,000 a month, which was the award by Judge Kelly, current, not taking into consideration the retroactivity. And, therefore, the respondent is paid 20% of net prior to the deduction of the $2,000 for the maintenance. I do believe, and obviously I'm sure this Court is aware of, the statute has changed as of 1-1-15. And the new statute clearly makes that determination that the maintenance should be a reduction from net income prior to the assessment of the child support percentages. And I think that that can be easily corrected by this Court, but we also take the position that the numbers determined by Judge Kelly pursuant to the exhibits of the petitioner in this case were erroneous. Does the new statute apply on its face to cases that have been decided before its effective date? No, I do not believe it does. I think it may be used as a guideline for the trial judges, but certainly I do not think it applies in this particular case, Your Honor. The third argument is found on page 27, and we are taking the position that the Court, pursuant to the order, found that there was no basis for deviation. But then the Court assessed the 20% statutory guidelines in an amount in excess of $3,200 per month, but then did not take into consideration the other expenses that Don Schumacher pays, and in particular, he pays in addition to the statutory guidelines pursuant to the marital settlement agreement, all out-of-pocket expenses for the child's medical, dental, health, et cetera. He also pays for, pursuant to 2.7, he pays 50% of latchkey expenses and extracurricular expenses, which are determined usually on a week-by-week, month-by-month basis by these parties, so far we have not entered into a disagreement with what is extracurricular. And it's our position that the Court should have taken into consideration the other payments that Don Schumacher makes, along with the fact that he has his child approximately 50% of the time, and should have deviated from the 20% statutory guidelines, and it was our position that the $1,700 set as temporary child support and marital settlement agreement, plus all the other expenses, would then equal close to, if not in excess of the 20%. And then lastly, our fourth, which in our brief is our fifth argument, and that is the determination by this trial court that the maintenance assessed was not permanent. We are asking this court for guidelines as to then who has the burden of proof and the burden of proof of what. In particular, it's our position that Stacey Schumacher has an affirmative duty to use good faith to seek employment. If you were to entertain the argument of opposing counsel to be sarcastic, she sat on the sofa at the time of trial in June of 2013. She continues to sit on the sofa and does not seek employment now. There's no substantial change in circumstances. Counsel, I take it that maintenance review hearing that was set for August of this past year was not held pending this appeal. Well, that would not be the only reason. We have attempted to resolve those issues in the trial court, but that is correct. We did file subsequent to 8-1 of 2014, but that has not been tried yet. And if I recall just by memory, it is presently set for March, I believe, 27th, something like that. But it has not been heard. And the reason I was asking that, I was wondering if that fourth point was now moot because if the hearing had actually been held in August of 14th. No, it doesn't. And I believe that opposing counsel and myself have a disagreement as to who has the burden of proof and what is the evidence to be presented in terms of the burden of proof. I believe opposing counsel's position is we need to prove substantial change in circumstances. It's our position that you have not only the substantial change in circumstances, but there's a continuing duty for the petitioner in this case to act in good faith to seek employment. She now has completed her master's degree. She completed that in July of 2013. And after a year and a half, she continues to remain unemployed. And was this fourth issue brought before the trial court? In a motion to reconsider, did you go back to the trial court and ask the trial court what you mean here? It was part of our motion to reconsider that was filed. Initially heard, I believe, heard on October the 2nd, 2014, and there was a ruling, I believe, December the 9th, 2014, as to those issues, yes. And refresh my memory as to what that, did the ruling say anything specific about your fourth argument? No, Your Honor, pretty much Judge Kelly denied all of the post-trial motions. In particular, we also filed a motion to modify child support because our position is if you're going to hit Don Shoemaker with the 20%, then you should not hit him with these other expenses, except for the numerical settlement agreement. And that motion was also denied. Thank you. Thank you, counsel. Mr. Courtney? May it please the Court? Mr. Kennedy, probably, and Your Honor hit it on the head, probably the quickest way for me to go through this is with that first issue. The agreement was child support and maintenance would be paid prospective May 1st, 2012, into the future. There was never an agreement, and there's nothing in any of the court orders that says the trial court was limited in its determination of net income by that agreement to make maintenance and child support prospective. The argument that Don has paid half of all of his income when the assets were divided is frankly not supported by the record. There is actually a reference in Judge Kelly's order of July 2013 in paragraph 13. He makes mention of the fact that Don has been able to pay off his home during the course of these proceedings. What's interesting about that argument is it simply ignores the fact that Don's earnings from the date this case was filed until that judgment were all merited property. They were all subject to division. Those wages were never divided. He received for his own benefit a little more than 80% of his pay every time he got a paycheck. That money was never divided. What Stacy agreed to do, and I think Your Honor hit it right on the head, she agreed not to go prior to May 1st of 2012. The court should realize she received no maintenance from the filing of this case until Judge Kelly's ruling in 2013. She received no maintenance. She was not employed during that period of time. Her husband makes a substantial salary, which is in the record. So she agreed to forego that to settle her case. She agreed to forego an appropriate review of his child support obligation dating back to 2011 for a year. She agreed to forego that. That was the deal that was made by these parties. That was the bargain. There was no agreement that the court would somehow artificially look at only a portion of Don's income. That's borne out by what the trial court did. How was that argument set forth, counsel? Was that stipulated on the record? Which argument, Judge? I'm sorry. The agreement as to the child support that you're referring to, was that an agreement stated on the record before the trial? The temporary agreement? No, the agreement to go to limit child support to a certain date. Yes, sir. Yes, sir. It is part of the marital settlement agreement, and we agree with Mr. Kennedy that it is, and the agreement was no payment would be retroactive prior to May 1st of 2012. It says any child support and maintenance obligation would be prospective from that date, May 1st, 2012. That was the agreement of the parties. Now, the reason we did that is because we settled all the property, couldn't quite settle the maintenance and support when the case was set for trial. And then there was a delay of about a year, a little over a year, to get that final portion resolved, but we had agreed in that agreement that we would go back to May 1st of 2012. We never sought any support prior to that time because the marital settlement agreement said we would not do that. So we stuck by that bargain. But what the court did to determine income here is it looked at 2012 and 2013 income for Don. It didn't look at just 2012. It didn't look at May 1st of 2012 through May 1st of 2013. It looked at his total income and averaged those figures. And I think the court did that appropriately. So our point is there was no division of his wages and there was no agreement that we would be bound by what his wages were from May 1st, 2012, to the date of hearing. Tied to that is the second argument that deals with the mathematical determination of net income. There's an allegation that Judge Kelly was mistaken in his determination of federal tax rate. That is simply not true. It's a little convoluted in this case because we didn't have a W-2 for 2012 to calculate the tax. You have to look at Petitioner's Exhibit 8, which was in evidence. That's the last pay stub for 2012. The gentleman earned $280,880. You have to look at that in conjunction with his taxes that were paid in 2012, which is Petitioner's Exhibit 9. If you take those figures together, his effective tax rate for federal purposes was $22.29. That's the number that they're complaining of. What they're doing is they're using his adjusted gross income off his tax return and ignoring that other income. So that's the difference in opinion there. I don't think Judge Kelly did anything wrong in that. I think he's actually correct. The idea that maintenance is deducted from child support from net income to arrive at child support is a new point of law in the new amendment to the statute that was effective in January. It did not exist in 2013 when this case was tried. In fact, the child support statute simply didn't say that in 2013, and I think the judge appropriately set the child support award based on net income. That argument and the argument on deviation and the argument on maintenance can't really be taken separately. There are comments in counsel's brief about the shown needs of the child. There also is a finding by Judge Kelly in his July order as to what the reasonable needs of mother and child were in July of 2013, and that figure was about $6,300, and that's in the judge's order. I think the court needs to look at what he did with the maintenance and child support award together. Together those awards are about $5,350, $5,400 a month. There's still less than the needs of the family. It's difficult because part of the argument in this case has been withdrawn, the argument on maintenance has been withdrawn, but still I think the court needs to look at Judge Kelly's order as a whole. The order was, I thought, well conceived and well thought out. He looked at the issue of deviation. He denied the request for deviation. The testimony before him was that Don had sufficient income on his own to pay all the expenses he agreed to pay in the marital settlement agreement, which included health insurance and extracurricular expenses. Those were all done by agreement. That wasn't part of the order. He had the money to do that. He had the money to pay the support the court determined, and he also had a relatively large surplus at the end of the month after he did those things to the extent he was spending just a little bit less than $1,000 a month to support an adult child by a different relationship. So there was sufficient funds available to support this order. Child support guidelines being a floor and not a ceiling, I think what he did was appropriate. I think, frankly, I think he blended those two numbers to arrive at the figure he came up with. With regard to the burden of proof on review, there's an interesting word he puts in his final order, and it says this is non-permanent. It doesn't say it's rehabilitated. It simply uses the term non-permanent, but it says reviewable on change or modifiable on change in circumstances, terminable under the statute, and reviewable after August 1st of 2014. I believe in the cases we've cited to the court, I believe that the burden, frankly, is on the party seeking modification. Don has sought modification of that number. We have not, as of today, sought a modification. That may change because of the new statute, but we haven't sought that modification. The second part of what Mr. Kennedy said, I also agree with him. My client is under affirmative duty to be self-sufficient. That exists no matter what the maintenance designation is. That duty still exists. So I would take just exception with the idea of where that burden on the change in circumstances lies, and I think it does lie with Don on the modification, but Stacy is still required to show good faith efforts toward reasonable efforts toward employment. And, Counsel, you agree with opposing counsel's statement. This point's not moved. The maintenance review hearing was not held, and you're still asking the court to look at this fourth point. It is. It was never ruled on. It is still active. It is still before the court. I hesitate to say it's moved. I suspect it will be moved before this court rules when there's a new motion to modify file. I think if I file a motion, hypothetically, he has a motion, if I have a motion, I would certainly have a burden of proof on my motion to increase maintenance. He would certainly have a burden of proof on his motion to decrease maintenance, but I think right now it is still active because the court hasn't ruled on that issue. Okay. Any questions? Anything I missed? I don't believe so. Thank you, Counsel. Appreciate it. Thank you. Rebuttal. Justice, the issue, the fourth issue is who has the burden of proof. I haven't filed a motion to modify. I believe I filed a motion for review. Actually, your issue is whether the trial court erred in entering the judgment of dissolution by not setting forth then what the burden of proof would be later. Correct. I mean, because we can't, you know, you're not up on review in a modification proceeding. Correct. That is correct. And on the last two pages in particular, the language in the order of July 18 states further that the award of maintenance herein shall not be deemed, quote, permanent, close quote, and shall be subject to review after August the 1st, 2014. And as we are asking, there's no – Let me ask a question then. You cite, you know, some case law about burden of proof and so forth, but are there any cases that say that trial court in entering a judgment must state in advance who's going to have the burden of proof in a future modification proceeding? There is a case, and I believe it's the Culp case, and also we're relying upon Terrell case, that says and pretty much reiterates the statute, paragraph A-5 of 510, where it says in order for maintenance may be modified or terminated only upon the showing of substantial changes in circumstances, then the next sentence, in all such proceedings as well as proceedings in which maintenance is being reviewed, the court shall consider the applicable factors, and factor two is the efforts, if any, made by the party receiving maintenance to become self-supporting in the reasonableness of the efforts where they are appropriate. I – Well, let me just take this one step further, okay? You know, what would be your remedy here? If the trial court erred by not stating what the burden of proof is, what is it you want us to do about that? You can't put in there the conditions of the review. You want us to fill that blank in? Yes. One final comment when you're looking at the statutory guidelines. Mr. Courtney talked about floor versus the ceiling. All we are setting forth in our brief is if you deviate from those guidelines, whether it be upward or downward, there should be a finding. And specifically in this order, Judge Kelly specifically stated that there is no basis for deviation. And if that be in the case, then it's our position that we should have to set off of all these other expenses, including but not limited to the amount of maintenance. Now, I agree the old statute did not give you a reduction on net income for maintenance amounts, whereas the new statute does. And I think that that – the new statute has remedied the past. Thank you. All right. Thank you, Counsel. All right, gentlemen, thank you both for your briefs and your arguments. The court will take this matter under advisement and issue a decision in due course.